Although I agree with the judgment ultimately reached by the majority, I do so for somewhat different reasons. Accordingly, I respectfully concur in judgment only.
In examining the language of the policy, the exclusionary clause, in part, sets forth the following relevant exclusion:
 "1. *** Personal Liability and *** Medical Payments to
Others do not apply to bodily injury ***:
"***
 "h. arising out of the ownership, maintenance, use, loading, or unloading of motor vehicles or all other motorized land conveyances ***."
The policy then defines the term "motor vehicle" as including:
 "c. a motorized golf cart, snowmobile, or other motorized land vehicle owned by any insured and designed for recreational use off public roads, while off an insured location. ***" (Emphasis added.)
 Everyone seems to agree that so long as a dirt bike is operated on the insured premises, ANPAC must provide coverage for an accident. This is necessarily so because under the clear terms of the policy, a dirt bike is not an excludable "motor vehicle" if driven on an insured location.
However, once the dirt bike leaves the insured premises, the bike immediately becomes a "motor vehicle" under the policy and would be subject to the exclusion. Appellees have tried to avoid the exclusion's operation by arguing that because the alleged maintenance occurred on the insured property, any accident that results from such maintenance would be covered, regardless of where the accident occurred.
Such an interpretation contradicts the clear intent found on the face of the insurance policy. As soon as the dirt bike leaves the insured location, it changes into a "motor vehicle," and is excluded under the policy. This exclusion includes any alleged negligent maintenance that may have been performed on the dirt bike while on the premises. As the majority correctly observes, to allow otherwise would be to negate the exclusion altogether.
In the other words, to be entitled to coverage under the issued policy for an accident such as the one in the instant matter, it must first be shown that the incident occurred on the insured location. If that is proven, the issue of negligent maintenance may then be raised to show proximate cause. Stated differently, the determinative factor in deciding whether or not ANPAC has to provide coverage is where the accident actually occurred, and only when that is finally determined, does the issue of negligence arise. Just because the alleged negligent maintenance occurred on the insured location does not mean that the insurer has to provide coverage no matter where the accident occurred. Therefore, because there is still a question concerning the location of the incident, summary judgment was improper at this time.
Having said that, I disagree with the parade of horrors offered by the majority in support of its decision. Regardless of where any maintenance is performed, an automobile designed for use on public roads is the one type of "motor vehicle" that is always excluded under the insurance policy at issue with respect to liability for personal injury or medical payments.[1]
For the foregoing reasons, I respectfully concur in judgment only with the opinion of the majority.
[1] As with most absolutes, there is actually one exception. That is, when a car is placed in "dead" storage on an insured location, the policy here would apply.